GEORGE E. NASH, Respondent, *v.* NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Court of Appeals, Jan.* 13, 1891.

Rev'g 51 Hun, 594 Mem.

1. *Negligence. Contributory.*—When a person knows that he is approaching a place of danger, and yet takes no precaution whatever to avoid it until it is too late, he cannot escape the charge of contributory negligence.
2. *Same.*—Facts, in this case, held sufficient to charge plaintiff with contributory negligence.

Appeal from the judgment of the general term of the supreme court affirming a judgment entered upon a verdict, and affirming a motion denying a motion for a new trial.

*Calvin Frost*, for appellant.

*Clarence R. Conger*, for respondent.

EARL, J.—On the 2d day of October, 1886, the plaintiff and his wife were in a wagon drawn by two horses, passing over the defendant's railroad in Rockland county, and an engine drawing a train of passenger cars came in collision with the horses and wagon, killing his wife and horses, demolishing the wagon and seriously injuring him. This action was brought to recover damages for his injuries and the destruction of his property. Upon the first trial he was nonsuited, and upon appeal by him to the general term he obtained a new trial. Upon the new trial he recovered a judgment, which has been affirmed at the general term.

The sole negligence alleged against the defendant is the omission of its agents having charge of the engine to ring the bell or blow the whistle as they approached the crossing. There appears to have been a great preponderance of evidence to show that the bell was rung and the whistle blown. But there was some evidence tending to show that these signals were not given, and hence we cannot say that the question

of the defendant's negligence should not have been sub-
mitted to the jury.

But we think the undisputed evidence shows negligence
on the part of the plaintiff, and that his complaint should,
therefore, have been dismissed.

At the place of the accident the railroad runs north and
south.   The plaintiff lived on the east side of the road several
hundred feet therefrom, and was perfectly familiar with the
road and the running of its trains.   There was a private lane
from his residence across the railroad to the highway on the
west side thereof.   The defendant owned a strip of land
seventy-nine feet wide on the easterly side of its road, and
on the easterly side of the land there was a fence, and in the
line of the fence there was a gate across the plaintiff's lane.
He drove to this gate in the afternoon of a clear day, and his
son opened the gate and he drove through it down the lane
on a walk until he reached level ground thirty-five feet from
the easterly track of the railroad, and then he permitted his
horses to trot to and upon the railroad track until the engine
approaching from the south struck the fore part of the wagon
and the hind part of the horses.   The rails of the track were
four feet and eight inches apart and the two tracks were eight
feet apart.   The plaintiff knew that the trains from the south
ran upon the easterly track, and that thus he would first be
exposed to peril upon that track, and yet after he passed
through the gate he did not listen for any train while passing
over the seventy-nine feet, and he did not look to the south
to see if a train was approaching from that direction until
his horses, trotting, had substantially reached the track, al-
though if he had looked toward the south at any point with-
in twenty-five feet of the easterly rail he could have seen the
track for a half a mile.

Under such circumstances we do not see how the plaintiff
can escape the charge of contributory negligence.   He knew
he was approaching a place of danger and yet took no pre-
caution whatever to avoid it until it was too late.   The fact

that he could not see to the south until within twenty-five feet from the track made it his duty to be vigilant for his protection when he could see and when vigilance would avail him. It is clear that if he had taken that care of himself which everyone is bound to when he approaches such a place of danger, this most unfortunate accident could not have occurred. A momentary glance to the south would have been sufficient.

The judgment should be reversed and a new trial granted, costs to abide event.

All concur, except RUGER, Ch. J., and ANDREWS, J., dissenting.